IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**INDUSTRIAL MAINTENANCE SOLUTIONS, LLC,**
a West Virginia Limited Liability Company,
**BRYAN S. HENRY,** an individual,
**NOVA 1 PROPERTIES, LLC,**
a West Virginia Limited Liability Company,
and **TAMMY HENRY,** an individual,

      Plaintiffs,

v.                                                                 CIVIL ACTION NO. 1:22-cv-12
                                                                               (KLEEH)

**BGSE GROUP, LLC,** a North Carolina
Limited Liability Company,
**LUCKEY ENTERPRISES, LLC,**
a North Carolina Limited Liability Company,
and **BRYAN BULLERDICK,** an individual,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR PARTIAL DISMISSAL**

Defendants' *Motion for Partial Dismissal* [ECF No. 5] being ripe for decision, and after hearing the parties' arguments on August 17, 2022, is **DENIED** for the reasons discussed on the record and scribed herein.

                        **I.**    **PROCEDURAL HISTORY**

On February 3, 2022, Defendants removed this civil action from the Circuit Court of Monongalia County, West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1, Notice of Removal. The same day, the Court entered its First Order and Notice. ECF No. 3. On February 9, 2022, the certified state court record was filed, and one day later, Defendants timely filed *Motion*

*for Partial Dismissal* which is the subject of this Memorandum Opinion and Order. See Fed. R. Civ. P. 81(c)(2). ECF Nos. 4, 5. Plaintiffs timely filed their response in opposition on February 24, 2022. ECF No. 10. Defendants filed their reply on March 3, 2022. ECF No. 11.

Defendants filed an Answer on February 22, 2022. ECF No. 8. Within the Answer, Defendant BGSE Group, LLC, filed a Counterclaim against Plaintiffs Industrial Maintenance Solutions, LLC, and Bryan S. Henry. ECF No. 8. Plaintiffs Industrial Maintenance Solutions, LLC, and Bryan S. Henry answered the Counterclaim on March 15, 2022. ECF No. 12. On April 4, 2022, the parties filed *Report of Parties' Planning Meeting and Discovery Plan*. ECF No. 13. On April 7, 2022, this action was reassigned from Senior District Judge Irene M. Keeley to Chief United States District Judge Thomas S. Kleeh. ECF No. 14.

## II. **COMPLAINT**

In the December 27, 2021, Verified Complaint, Plaintiffs Industrial Maintenance Solutions, LLC, ("IMS") Bryan S. Henry, NOVA 1 Properties, LLC, ("NOVA 1") and Tammy Henry (collectively "Plaintiffs"), allege breach of contract, fraudulent inducement, misappropriation of intellectual property, and defamation claims

against Defendants BGSE Group, LLC, Luckey Enterprises, LLC, and Bryan Bullerdick. ECF No. 4, Compl. ¶¶ 37-81.

### A. Parties

Plaintiff IMS is an aviation ground support equipment ("AGSE") manufacturer for entities including BGSE. ECF No. 4, Compl. ¶ 1. Plaintiff Bryan Henry is the founder of IMS and Plaintiff NOVA 1, president of IMS, and husband of Plaintiff Tammy Henry. Id. ¶¶ 2-4. NOVA 1 is affiliated with IMS with respect to real estate transactions. Id. ¶ 3. Tammy Henry is an officer of IMS. Id. ¶ 4.

Defendant BGSE is a limited liability company organized under the laws of North Carolina and a principal place of business located in Huntersville, North Carolina. Id. ¶ 5. Defendant Bryan Bullerdick is the owner of BGSE and founder of Defendant Luckey Enterprises, LLC. Id. ¶¶ 6-7. Luckey Enterprises engages in the purchasing and selling of real estate. Id. ¶ 7. IMS acted as BGSE's principal manufacturer for AGSE; the two entities have contracted together since 2017. Id. ¶ 8. BGSE "depended entirely on third-party contractors, including IMS, for engineering, design and manufacturing capabilities" prior to its Asset Acquisition of IMS's AGSE division. Id. ¶ 9.

**IMS, et al. v. BGSE Group, et al.**                              **1:22-CV-12**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR PARTIAL DISMISSAL**

### B. Facts

BGSE and Bullerdick schemed to "purchase the manufacturing division of IMS for AGSE, including, but not limited to IMS's equipment and employees, so that it could represent and demonstrate to customers that it was the true manufacturer of its AGSE." Id. ¶ 14. BGSE and Bullerdick made their offer of proposal to the IMS manufacturing division for AGSE. Id. ¶ 15. Plaintiff Bryan Henry counter offered

> that BGSE 1) purchase certain IMS equipment, 2) hire IMS employees at certain hourly rates, 3) rent certain equipment at IMS's facility in Morgantown, West Virginia, and 4) hire Bryan Henry as the General Manager of the new manufacturing division for AGSE at a salary of $100,000 per year and for a guaranteed five (5) year period.

Id. ¶ 16. On May 18, 2020, BGSE and IMS reached an agreement called "Asset Acquisition" in which

> BGSE agreed to [1] purchase the manufacturing division of IMS for aviation ground support equipment[;] . . . [2] purchase certain assets of IMS for the purchase price of $193,000.00[;] . . . [3] hire all IMS employees[;] . . . [4] lease a powder coating facility from Nova 1 [;] [and 5] hire Bryan S. Henry as General Manager of the manufacturing division of BGSE, for a guaranteed five (5) year term for a base salary of $80,000 per

>        year, a guaranteed annual bonus of $20,000 per
>        year, BGSE benefits plans, and a
>        commission/bonus plan.

Id. ¶¶ 16-21.

BGSE also agreed that Bryan Henry could still operate IMS and that any intellectual property developed solely by IMS would remain IMS's. Id. ¶ 22. BGSE agreed to purchase real property through Luckey Enterprise, an affiliate of Nova 1, which would be the new site of BGSE's manufacturing division. Id. ¶ 23.

It is on these facts that Plaintiffs allege Defendants breached various agreements by failing to pay certain bills and employees, terminating Bryan Henry in bad faith, defaming Bryan Henry and IMS to third parties, misappropriating certain intellectual property of IMS, converting certain property, and, most pertinent to Defendants' motion [ECF No. 5], formulating a "scheme to fraudulently induce Bryan Henry and IMS to sell its manufacturing division for AGSE." Id. ¶ 28. Plaintiff's evidence supporting their fraudulent inducement scheme includes that Bullerdick and BGSE did not have the funds and resources to pay Bryan Henry as agreed in the Asset Acquisition. Id. Indeed, "BGSE failed to timely pay IMS for its equipment" after the Acquisition. Id. ¶ 29. "Bullerdick and BGSE had to use the good credit of IMS to purchase raw products required for manufacturing because

vendors refused to extend credit to BGSE." Id. ¶ 30. "When Bryan Henry reported these vendor complaints to Bullerdick, Bullerdick unilaterally changed the organizational structure of BGSE, . . . began a pattern of verbally abusing Bryan Henry and creating a hostile work environment, . . . terminated Bryan Henry's position as General Manager . . . without cause" all in violation of the Employment Agreement reached. Id. ¶¶ 31-33. Plaintiffs request a preliminary and permanent injunction restraining Bullerdick and BGSE from using IMS's intellectual property, and damages including exemplary and punitive damages, pre- and post-judgment interest, attorney's fees and costs, and equitable and statutory liens on personal and real property owned by Bullerdick, BGSE, and Luckey in West Virginia.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the grounds that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept

as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

Rule 9(b) of the Federal Rules of Civil Procedure includes a heightened pleading standard for fraud claims. "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[T]he circumstances

required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal citation and quotation marks omitted). "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." Id. "Malice, intent, knowledge, and other conditions" may be alleged generally. Fed. R. Civ. P. 9(b).

## IV.   DISCUSSION

Defendants' partial motion to dismiss [ECF No. 5] is based upon two (2) assertions: (1) Plaintiffs failed to plead a claim for fraudulent inducement and (2) the Gist of the Action Doctrine bars Plaintiffs' claim for fraudulent inducement. Plaintiffs responded in opposition, stating the allegations of fraudulent inducement are independent of the breach of contract claim, and that they sufficiently pleaded its fraud action. ECF No. 10.

### A. Fraudulent Inducement

"[A] plaintiff may recover in tort for fraudulent inducement where the defendant made a false promise without intention of performance by him, for the fraudulent purpose of putting him in an advantageous position at the expense of the plaintiff, and [the plaintiff] acted upon . . . [the promise] to his detriment." Turner Construction Co. v. Am. Safety Casualty Ins. Co., No. 1:15CV83, 2016 WL 3360641, *1, *2 (N.D.W. Va. June 16, 2016) (internal citation omitted).

> There are four elements to a claim of fraudulent inducement: 1) the allegedly fraudulent act was committed by the defendant; 2) the act was material and false; 3) the plaintiff justifiably relied upon the act; and 4) the plaintiff was damaged because he relied upon it.

Hagy v. Equitable Prod. No., No. 2:10-cv-01372, 2012 WL 1806167, *1, *3 (S.D.W. Va. May 17, 2012) (citing White v. Nat'l Steel Corp., 938 F.2d 474, 490 (4th Cir. 1991)).

Plaintiffs allege Bullerdick and BGSE fraudulently induced Bryan Henry and IMS to enter into the Asset Acquisition because BGSE and Bullerdick knew they could not and would not honor the Employment Agreement. ECF No. 4, Compl. ¶¶ 53-59. In Defendants' view, the only allegation supporting Plaintiffs' fraudulent

9

inducement claim is that Bullerdick and BGSE "formulated a scheme" to induce Bryan Henry to sell IMS's manufacturing division as part of an asset acquisition. ECF No. 5-1 at 8.

The Court finds allegations in the Complaint to support a sufficient Rule 9(b) pleading of the fraudulent inducement claim. First, the details of Defendant BGSE's offer, Plaintiff Bryan Henry's counteroffer, and the date of the agreement reached support Rule 9(b)'s particularity requirements of time, place, and contents of the false representations. ECF No. 4, Compl. ¶¶ 15-21. The plausible allegations that Defendants BGSE and Bullerdick did not possess the capital required to honor the terms of the agreement, but BGSE entered into the agreement with IMS regardless, show sufficient evidence of a fraudulent inducement claim at the Rules 9(b) and 12(b)(6) stage. Indeed, "BGSE failed to timely pay IMS for its equipment" after the Acquisition and required IMS's credit to purchase raw products because vendors refused to conduct business with BGSE based upon BGSE's credit alone. Id. ¶¶ 29-30. It is based on these facts that Plaintiffs overcome the stringent pleading requirement of Rule 9(b). The Court **DENIES** the motion for partial dismissal. ECF No. 5.

**B. Gist of the Action Doctrine**

Courts apply the "gist of the action" doctrine to avoid "the recasting of a contract claim as a tort claim." Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 586 (W. Va. 2013). In determining whether recovery in tort is barred under the gist of the action doctrine in West Virginia, courts are instructed to analyze whether any of the following factors are demonstrated:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Id. "If the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or non-feasance, it is, in substance, an action on the contract, whatever may be the form of the pleading." Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc., 783 F.3d 976, 981 (4th Cir. 2015) (quoting Cochran v. Appalachian Power Co., 162 W.Va. 86, 246 S.E.2d 624, 628 (1978)) (internal quotation marks and citation omitted).

Defendants argue dismissal of the fraudulent inducement claim is appropriate because any alleged right to relief is based in

contract and is duplicative of the breach of contract claims. Plaintiff states the employment agreement and other contracts are collateral to IMS's tort claim, and the breaches of those contracts are evidence of how BGSE and Bullerdick were carrying out their fraudulent scheme.

Outright, the Court **DENIES** the motion as to Defendant Bullerdick on the gist of the action argument. Bullerdick was not a signatory to any contract, nor did Plaintiffs allege a breach of contract claim against Defendant Bullerdick. There being no contractual relationship between Bullerdick and Plaintiffs, the Court cannot apply the gist of the action doctrine to Defendant Bullerdick or dismiss him from this action based upon it. See Goldstein v. Elk Lighting, Inc., No. 3:12-CV-168, 2013 WL 790765 at *5 (M.D. Pa. 2013)("Therefore, the parties' obligations were not and could not be defined by the terms of any contract. Rather they were governed by the larger social policies embodied by the law of torts.")(internal citation and quotation marks omitted).

Turning to Defendant BGSE, the Court finds Plaintiff has alleged facts to maintain an action for fraudulent inducement beyond the breach of contract claim at the Rule 12(b)(6) stage. While BGSE urges the Court to invoke the gist of the action doctrine and dismiss the fraudulent inducement claim against it,

the Court cannot, because Plaintiff has pleaded allegations of fraud with sufficient particularity, and the claim stands on its own without the breach of contract claim. For example, the allegations that BGSE was undercapitalized during contract negotiations and used the good credit of IMS to purchase products because vendors refused to extend credit to BGSE survive notwithstanding the breach of contract claim against BGSE. ECF No. 4, Compl., ¶¶ 28-30. Plaintiff relies on the alleged concealments of BGSE during the contract negotiations with respect to BGSE's intentions in entering into the Asset Acquisition with IMS. Plaintiff successfully asserts damages related to the fraudulent inducement claim. While the gist of the action doctrine is meant "to prevent the recasting of a contract claim as a tort claim," such is not the case from the face of the Complaint, and these tort and contract claims can coexist at this Rule 12(b)(6) juncture. Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 586 (W. Va. 2013). The Motion is **DENIED** on this ground. ECF No. 5.

## V.   CONCLUSION

For the reasons discussed above, Defendants' Motion for Partial Dismissal is **DENIED**. ECF No. 5.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:** September 14, 2022

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA