IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

INDUSTRIAL MAINTENANCE SOLUTIONS,
LLC, a West Virginia Limited Liability
Company, BRYAN S. HENRY, an individual,
NOVA 1 PROPERTIES, LLC, a West Virginia
Limited Liability Company, and TAMMY
HENRY, an individual,

       Plaintiffs,

v.                                                                                   Civil Action No.:  1:22-CV-12
                                                                                    Judge Thomas Kleeh

LUCKEY ENTERPRISES, LLC,
a North Carolina Limited Liability Company,
and BRYAN BULLERDICK, an individual,

       Defendants.

## SUPPLEMENTAL COMPLAINT

Plaintiffs, Bryan S. Henry, Industrial Maintenance Solutions, LLC, ("IMS") Nova 1 Properties, LLC ("Nova 1"), and Tammy Henry (sometimes collectively referred to as "IMS") hereby allege and complain against defendants, Luckey Enterprises, LLC ("Luckey"), and Bryan Bullerdick ("Bullerdick") (collectively referred to as "Defendants") as follows.

### Nature of The Action

This case arises from defendants' breach of several contracts, unfair business practices, misappropriation and infringement of IMS intellectual property, defamation, and violation of state and federal law, all concerning the Asset Acquisition by BGSE of the manufacturing division of IMS for aviation ground support equipment ("Asset Acquisition"). IMS re-states and incorporates by reference the allegations contained in its original complaint, as if fully stated herein.

**Parties, Jurisdiction and Venue**

1. IMS is a leading manufacturer of, among others, aviation ground support equipment ("AGSE") for a number of different entities, including, but not limited to, BGSE.

2. Bryan S. Henry is the founder and president of IMS.

3. Nova 1 is a company founded by Bryan Henry and it is affiliated with IMS with respect to real estate transactions.

4. Tammy Henry is an officer of IMS, is a contractor in her own right, and is also the wife of Bryan Henry.

5. BGSE is a North Carolina limited liability company with its office and principal place of business at 14034 Clarendon Point Court, Huntersville, North Carolina 28078.

6. Defendant Bullerdick, upon information and belief, is the owner of BGSE.

7. Defendant Luckey Enterprises, upon information and belief, was founded by Bullerdick to purchase and sell real estate.

8. BGSE has contracted with IMS since 2017 and IMS was its principal manufacturer for AGSE.

9. Although BGSE represented itself as a company with extensive engineering and manufacturing experience, upon information and belief, prior to BGSE's Asset Acquisition of IMS's AGSE division, it depended entirely on third-party contractors, including IMS, for engineering, design and manufacturing capabilities.

10. Upon information and belief, BGSE had established a pattern where it used the engineering, design, or manufacturing resources of other entities and then resold or distributed such products as its own.

11. BGSE purchased and owned property in Morgantown, Monongalia County, West Virginia; and upon information and belief, leased and operated a manufacturing facility in Monongalia County, and did business in West Virginia. Thus, jurisdiction and venue were properly in Monongalia County, West Virginia.

## General Factual Allegations

12. Sometime in or around 2019, BGSE came under increasing pressure from government and/or private customers to demonstrate that it was the true manufacturer of products and also demonstrate that it had manufacturing facilities and capabilities.

13. Upon information and belief, BGSE, an apparently exceptional sales firm, had also received a number of lucrative contracts that could prove profitable to BGSE and IMS (the true manufacturer), if the expectations and requirements of the government and/or private customers could be satisfied.

14. Upon information and belief, BGSE and Bullerdick formulated a scheme where BGSE would purchase the manufacturing division of IMS for AGSE, including, but not limited to IMS's equipment and employees, so that it could represent and demonstrate to customers that it was the true manufacturer of its AGSE.

15. Upon information and belief, BGSE and Bullerdick then proposed that BGSE purchase IMS's manufacturing division for AGSE.

16. In response to the proposal, Bryan Henry insisted, among others, that BGSE 1) purchase certain IMS equipment, 2) hire IMS employees at certain hourly rates, 3) rent certain equipment at IMS's facility in Morgantown, West Virginia, and 4) hire Bryan Henry as the General Manager of the new manufacturing division for AGSE at a salary of $100,000 per year and for a guaranteed five (5) year period.

17. Thereafter, on May 18, 2020, BGSE agreed to an Asset Acquisition with IMS where BGSE agreed to purchase the manufacturing division of IMS for aviation ground support equipment.

18. As part of the Asset Acquisition, BGSE agreed to purchase certain assets of IMS for the purchase price of $193,000.00.

19. Also, as part of the Asset Acquisition, BGSE agreed to hire all IMS employees.

20. Further, as part of the Asset Acquisition, BGSE agreed to lease a powder coating facility from Nova 1.

21. Finally, as part of the Asset Acquisition, BGSE agreed to hire Bryan S. Henry as General Manager of the manufacturing division of BGSE, for a guaranteed five (5) year term for a base salary of $80,000 per year, a guaranteed annual bonus of $20,000 per year, BGSE benefits plans, and a commission/bonus plan which is more particularly set out in the Employment Agreement.

22. Under the Asset Acquisition, among others, BGSE agreed that Bryan Henry may still operate IMS, and that "any such work, invention or intellectual property developed solely by IMS shall remain the sole property of IMS".

23. As part of the Asset Acquisition, BGSE also agreed to purchase certain real property of Nova 1 through a BGSE affiliate, Luckey, which was intended to be the new site of BGSE's manufacturing division.

24. As part of that sale of real property, Luckey agreed to extend, at its sole cost and expense, certain utilities and stormwater lines to a mutually agreeable location.

25. Despite its promises, Bullerdick, BGSE and Luckey breached the Employment Agreement, Asset Purchase and Sale Agreement, Lease Agreement, Asset Acquisition Agreement, and Deed.

26. Despite its promises made to Bryan Henry, IMS, and Nova 1, Bullerdick, BGSE, and Luckey: did not have the capital resources to comply with the Asset Acquisition, as evidenced by:

    a. timely failed to pay for the equipment of IMS;

    b. failed to pay salary and bonuses due Bryan Henry under the Employment Agreement;

    c. unilaterally attempted to change the duties and responsibilities of Bryan Henry under the Employment Agreement;

    d. terminated in bad faith Bryan Henry's employment with BGSE, despite a guaranteed five (5) year contract;

    e. made defamatory statements concerning Bryan Henry and IMS to third parties in an attempt to damage the character, reputation, and business relations and opportunities of Henry and IMS;

    f. failed to pay Tammy Henry $5,000 for the use of her Contractor's License, as promised;

    g. misappropriated the intellectual property of IMS and Bryan Henry without compensating them, in breach of the Asset Acquisition and Employment Agreement;

    h. failed to perform the utility extensions that were agreed to in the Deed;

    i. failed to pay rents due and owing by BGSE for the powder coating equipment;

    j. converted certain personal property of Bryan Henry and IMS, which remained on BGSE's facility in Morgantown, West Virginia, despite demands that such equipment and machinery be returned;

    k. failed to pay for various equipment rental, including but not limited to, backhoe, quickie saw, welder generator, 16' box trailer and 20' trailer; and IMS shop rental;

    l. failed to return certain software developed, designed and owned by Bryan Henry and/or IMS;

    m. failed to return license to IMS and/or Bryan Henry for certain 3-D SOLID WORKS software that IMS purchased for and at the request of BGSE.

    n. upon information and belief, sold certain equipment obtained from IMS as part of the Asset Acquisition and personally profited from such sale(s).

    o. upon information and belief, took excessive fees, salaries, and compensation that depleted the cash flow of BGSE.

    p. upon information and belief, continued its practices of not timely paying vendors and creditors that led to BGSE's bankruptcy.

    q. upon information and belief, misstated the financial condition of BGSE.

    r. deprived IMS of the ability to manufacture aviation ground support equipment by refusing to compensate Henry as promised, but still keeping the equipment, employees and intellectual property of IMS.

    27. Upon information and belief, such actions were intentional and calculated to induce Bryan Henry to enter into the Asset Acquisition so that BGSE and Bullerdick could represent to customers that BGSE was the true manufacturer of such AGSE when, in fact, it was IMS.

    28. Upon information and belief, when BGSE and Bullerdick formulated their scheme to fraudulently induce Bryan Henry and IMS to sell its manufacturing division for AGSE, Bullerdick and BGSE knew it did not have the funds and resources to pay Bryan Henry as agreed.

    29. For example, immediately after the Acquisition, BGSE failed to timely pay IMS for its equipment.

30. In addition, Bullerdick and BGSE had to use the good credit of IMS to purchase raw products required for manufacturing because vendors refused to extend credit to BGSE.

31. When Bryan Henry demanded that BGSE and Bullerdick pay IMS the bonuses, commission and profits due, and reported these vendor complaints to Bullerdick, Bullerdick unilaterally changed the organizational structure of BGSE, in violation of the Employment Agreement, but kept the equipment, employees, and intellectual property of IMS.

32. Bullerdick then began a pattern of verbally abusing Bryan Henry and creating a hostile work environment, which culminated when BGSE made the final payment owed on the equipment purchase.

33. At that point, Bullerdick and BGSE unilaterally terminated Bryan Henry's position as General Manager and also terminated the five (5) year Employment Agreement without cause, essentially preventing IMS from manufacturing aviation ground support equipment.

34. Instead, Bullerdick offered Bryan Henry a new at will position with BGSE for $100,000, with no bonuses or commissions, which substantially and materially changed the Asset Acquisition.

35. Bryan Henry pointed out that this was a direct violation of the five (5) year Employment Agreement, and he offered to renegotiate the Employment Agreement.

36. BGSE and Bullerdick refused to renegotiate the five (5) year Employment Agreement and unlawfully terminated Bryan Henry effective July 30, 2021, which essentially prevented IMS from manufacturing aviation ground support equipment and other similar products.

37. On or about January 6, 2023, BGSE filed its Chapter 11 Petition for Bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina, Case No. 23-30013.

38. On or about January 6, 2023, BGSE filed a Notice of Bankruptcy and Automatic Stay of Proceedings.

39. On January 10, 2023, this Court entered an Order Staying Case and Vacating Scheduling Order.

40. On July 19, 2023, this Court entered an Order Scheduling Status Conference.

41. On July 24, 2023, this Court entered an Order Lifting Stay as to All Parties Except BGSE Group, LLC.

42. On July 24, 2023, this Court entered a Second Scheduling Order.

**First Supplemental Cause of Action**
**Fraudulent Inducement**

43. IMS repeats and realleges the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

44. Bullerdick fraudulently induced Bryan Henry and IMS to enter into the Asset Acquisition, knowing that BGSE could not honor the terms of the Acquisition.

45. At the time he induced IMS to enter into the Agreements, Bullerdick knew BGSE did not have the capital, finances, credit and resources to perform under the Asset Acquisition.

9

46. Bullerdick specifically knew BGSE would and could not honor the guaranteed five (5) year Employment Agreement, prior to its execution, but induced IMS and Henry to enter into the Agreement.

47. Bryan Henry fully performed under the Employment Agreement.

48. IMS and Bryan Henry have been damaged as a result of the fraudulent inducement.

49. Because the fraudulent inducement was intentional, Bryan Henry and IMS are entitled to exemplary damages from Bullerdick.

50. Prior to the Asset Acquisition, Bryan Henry and IMS developed certain intellectual property for AGSE.

51. Such intellectual property was contained on certain computers and software that IMS allowed BGSE to use as part of the Asset Acquisition.

52. Upon information and belief, Bullerdick has refused to return the intellectual property, or some of it, owned and developed by IMS and, upon information and belief, is allowing others to use it.

53. Bullerdick has been unjustly enriched by BGSE's and others use of IMS's intellectual property, while at the same time, IMS was deprived of it.

54. Through such fraudulent actions of Bullerdick, IMS was prevented from manufacturing aviation ground support equipment, and similar products, and has been damaged.

**Second Cause of Action**

**Nova 1**

55. IMS repeats and realleges the allegations contained in paragraphs 1 through 54 above, as if fully set forth herein.

56. Nova 1 agreed to sell certain real estate to Luckey, as part of the Asset Acquisition.

57. As part of the purchase, Luckey agreed to extend utility lines and stormwater lines at its sole cost and expense, with the knowledge that IMS and Nova 1 intended to develop adjacent real property.

58. After BGSE breached the Asset Acquisition, Luckey sold the subject real estate to a third party without extending the utility and stormwater lines as agreed.

59. As a result of the fraudulent inducement of Luckey and Bullerdick and breaches of the Deed and Asset Acquisition, IMS and Nova 1 have been damaged, and Luckey has been unjustly enriched.

**Third Supplemental Cause of Action**
**Bullerdick**

60. IMS repeats and realleges the allegations set forth in paragraphs 1 through 59 above, as if fully set forth herein.

61. Upon information and belief, Bullerdick has published certain statements concerning Bryan Henry and IMS to third parties, prior to and after the filing of the Bankruptcy Petition.

62. Bullerdick knew that the statements were false, defamatory, and not subject to any privilege when he made them.

63. The statements were published with the intent to injure Bryan Henry's and IMS's integrity, honesty and reputation in the industry, and to subject them to public ridicule or contempt.

64. Bryan Henry and IMS were damaged as a result of such defamatory statements, and other acts of Bullerdick, entitling them to compensatory and punitive damages.

### Prayer for Relief

WHEREFORE, IMS requests that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief, including, but not limited to, the following:

A. For compensatory damages, as a result of Bullerdick's fraudulent inducement, including exemplary and punitive damages as allowed, in an amount to be proven at trial;

B. For pre- and post-judgment interest at the maximum rate allowed by law;

C. For reasonable attorney's fees and costs, including, but not limited, as allowed by statute;

D. For such other relief as the Court deems just and equitable, including attorney's fees expended in the Bankruptcy Case.

**Plaintiffs respectfully demand a trial by jury.**

        INDUSTRIAL MAINTENANCE SOLUTIONS, LLC,
        BRYAN S. HENRY, an individual,
        NOVA I PROPERTIES, LLC, and
        TAMMY HENRY, an individual,

        By Counsel,

/s/ Charles C. Wise III
Charles C. Wise III (WVSB #4616)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, West Virginia 26501
(304) 285-2509 – Telephone
(304) 285-2575 – Facsimile
cwise@bowlesrice.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

INDUSTRIAL MAINTENANCE SOLUTIONS,
LLC, a West Virginia Limited Liability
Company, BRYAN S. HENRY, an individual,
NOVA 1 PROPERTIES, LLC, a West Virginia
Limited Liability Company, and TAMMY
HENRY, an individual,

        Plaintiffs,

v.                                                        Civil Action No.: 1:22-CV-12
                                                         Judge Thomas Kleeh

LUCKEY ENTERPRISES, LLC,
a North Carolina Limited Liability Company,
and BRYAN BULLERDICK, an individual,

        Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I electronically filed the foregoing *Supplemental Complaint* with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Heather M. Noel, Esquire
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, West Virginia 26505
hnoel@shumanlaw.com

                                                      /s/ Charles C. Wise III
                                                      Charles C. Wise III [WVSB # 4616]

16064033.1