IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


INDUSTRIAL MAINTENANCE SOLUTIONS, LLC,
BRYAN S. HENRY,
NOVA 1 PROPERTIES, LLC, and
TAMMY HENRY,

       Plaintiffs,

   v.                               CIVIL NO. 1:22-CV-12
                                        (KLEEH)

LUCKEY ENTERPRISES, LLC,
BRYAN BULLERDICK, and
ASHLEY S. BULLERDICK,

       Defendants.


**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

Pending before the Court is a motion to dismiss filed by Defendants Luckey Enterprises, LLC and Bryan Bullerdick. For the reasons discussed herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. INTRODUCTION AND PROCEDURAL HISTORY

In this case, the Plaintiffs, Industrial Maintenance Solutions, LLC ("IMS"), Bryan S. Henry ("Bryan Henry"), Nova 1 Properties, LLC ("Nova 1"), and Tammy Henry ("Tammy Henry") (together, "Plaintiffs"), have alleged that the Defendants, Luckey Enterprises, LLC ("Luckey"), Bryan Bullerdick ("Bryan

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

Bullerdick"), and Ashley S. Bullerdick ("Ashley Bullerdick") (together, "Defendants"), have breached several contracts, engaged in unfair business practices, misappropriated and infringed upon IMS's intellectual property, and engaged in defamation. Plaintiffs' allegations relate to BGSE Group, LLC's acquisition of the manufacturing division of IMS for aviation ground support equipment.

The case was first removed to this Court on February 3, 2022. See ECF No. 1.  The named defendants were BGSE Group, LLC ("BGSE"), Luckey, and Bryan Bullerdick.  On January 9, 2023, BGSE filed a *Notice of Bankruptcy and Automatic Stay of Proceedings*.  See ECF No. 68.  On January 10, 2023, the Court stayed the case and vacated the scheduling order.  See ECF No. 69.  On July 24, 2023, the Court lifted the stay as to all parties except BGSE.  See ECF No. 76. On November 15, 2023, after obtaining leave of the Court, Plaintiffs filed a first supplemental complaint.  See ECF No. 88. The first supplemental complaint alleged claims against only Bryan Bullerdick and Luckey.  See id.

On April 26, 2024, Plaintiffs filed a motion for leave to file a second supplemental complaint.  See ECF No. 113.  The proposed second supplemental complaint named Bryan Bullerdick, Luckey, and Ashley Bullerdick as defendants.  See ECF No. 113-3.

IMS V. LUCKEY ET AL.                                                  1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

In July 2024, after the Court was notified that the parties had "reached agreement on the amount of settlement of all claims," the Court terminated the motion for leave to file the second supplemental complaint without ruling on the motion. See ECF Nos. 120, 121. After multiple extensions of Court orders directing the parties to file a proposed dismissal order, the parties ultimately opted to file a proposed schedule. See ECF Nos. 125, 129, 133, 135, 140. On January 23, 2025, the Court entered a scheduling order, which has since been stayed. See ECF No. 140.

On May 14, 2025, after obtaining leave of the Court, Plaintiffs filed a third supplemental complaint. See ECF No. 161. In the third supplemental complaint, Plaintiffs assert claims against Bryan Bullerdick, Luckey, and Ashley Bullerdick. See id. At a minimum, Plaintiffs bring claims of fraudulent inducement, civil conspiracy, defamation, and plundering the BGSE estate. Some of the claims are not labeled, and it is unclear what additional claims are being raised (and against whom they are raised). Now pending is a motion to dismiss by Bryan Bullerdick and Luckey.[1] It is fully briefed and ripe for review.

---

[1] The Court granted a motion to dismiss by Ashley Bullerdick.

IMS V. LUCKEY ET AL.                                              1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

## II.   STANDARD OF REVIEW

### Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for lack of jurisdiction over the subject matter.  "The plaintiff has the burden of proving that subject matter jurisdiction exists."  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted).  In considering a motion to dismiss pursuant to Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Id. (citation omitted).  The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (citation omitted).  "[Q]uestions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case."  Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citation and internal quotation marks omitted).

### Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted."  In

4

IMS V. LUCKEY ET AL.                                    1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986) (citations omitted).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Factual allegations must "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id. at 545.  Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).

### III. FACTUAL BACKGROUND

IMS is a leading manufacturer of aviation ground support equipment for a number of different entities, including BGSE.

IMS V. LUCKEY ET AL.                                              1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

Third Supp. Compl., ECF No. 161, at ¶ 1.  Bryan Henry is the founder and president of IMS.  Id. ¶ 2.  He also founded the company Nova 1, which is affiliated with IMS with respect to real estate transactions.  Id. ¶ 3.  Tammy Henry is an officer of IMS, a contractor, and Bryan Henry's wife.  Id. ¶ 4.  BGSE is a North Carolina limited liability company.  Id. ¶ 5.  Bryan Bullerdick is the owner of BGSE, and he founded Luckey for the purposes of purchasing and selling real estate.  Id. ¶¶ 6, 7.

BGSE has contracted with IMS since 2017, and IMS was its principal manufacturer for aviation ground support equipment.  Id. ¶ 11.  Although BGSE represented that it was a company with extensive engineering and manufacturing experience, prior to the acquisition, BGSE depended entirely on third-party contractors, including IMS, for engineering, design, and manufacturing capabilities.  Id. ¶ 12.  Plaintiffs assert that BGSE had established  a pattern of using other entities' engineering, design, or manufacturing resources and then reselling or distributing such products as its own.  Id. ¶ 13.

BGSE purchased and owned property in Morgantown, West Virginia; leased and operated a manufacturing facility in Monongalia County, West Virginia; and did business in West Virginia.  Id. ¶ 14.  Plaintiffs assert that in or around 2019,

IMS V. LUCKEY ET AL.                                                   1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

BGSE came under increasing pressure to demonstrate that it was the true manufacturer of products and that it had manufacturing facilities and capabilities.  Id. ¶ 15.  Plaintiffs assert that BGSE and "the Bullerdicks" formulated a scheme whereby BGSE would purchase the manufacturing division of IMS for aviation ground support equipment, including, but not limited to, IMS's equipment and employees, so that it could represent and demonstrate to customers that it was the true manufacturer of its aviation ground support equipment.  Id. ¶ 17.  Plaintiffs assert that BGSE and "the Bullerdicks" then made such a purchase proposal to IMS.  Id. ¶ 18.

In response to the proposal, Bryan Henry insisted that BGSE (1) purchase certain IMS equipment, (2) hire IMS employees at certain hourly rates, (3) rent certain equipment at IMS's Morgantown facility, and (4) hire him as the General Manager of the new manufacturing division for BGSE at a salary of $100,000.00 per year and for a guaranteed five-year period.  Id. ¶ 19.  On May 18, 2020, the parties reached an agreement.  Id. ¶ 20.  BGSE agreed to purchase certain IMS assets for $193,000.00.  Id. ¶ 21.  BGSE also agreed to hire all IMS employees and to lease a powder coating facility from Nova 1.  Id. ¶¶ 22, 23.  BGSE agreed to hire Bryan Henry as General Manager of the manufacturing division of BGSE for

IMS V. LUCKEY ET AL.                                              1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

a guaranteed five-year term, with a base salary of $80,000.00 per year and a guaranteed annual bonus of $20,000.00 per year, along with benefits plans and a commission/bonus plan. Id. ¶ 24. BGSE agreed that Bryan Henry could continue to operate IMS and that "any such work, invention or intellectual property developed solely by IMS [would] remain the sole property of IMS." Id. ¶ 25.

BGSE agreed to purchase certain real property of Nova 1 through Luckey, which was intended to be the new site of BGSE's manufacturing division. Id. ¶ 26. As part of that sale, Luckey agreed to extend, at its sole cost and expense, certain utilities and stormwater lines to a mutually agreeable location. Id. ¶ 27. Plaintiffs assert that despite the promises made, BGSE, Luckey, Bryan Bullerdick, and Ashley Bullerdick did not have the resources to comply with their obligations. Id. ¶ 29. Plaintiffs assert that "they" did not timely pay for IMS equipment; failed to pay salary and bonuses owed to Bryan Henry; unilaterally attempted to change Bryan Henry's duties and responsibilities; terminated Bryan Henry's employment with BGSE in bad faith; made defamatory statements concerning Bryan Henry and IMS to third parties in an attempt to damage their character, reputation, and business relations; failed to pay Tammy Henry $5,000.00 for the use of her Contractor's License; misappropriated the intellectual property of

8

IMS V. LUCKEY ET AL.                                              1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

IMS and Bryan Henry without compensation; failed to perform agreed-to utility extensions; failed to pay rents due and owing for the powder coating equipment; converted personal property of Bryan Henry and IMS; failed to pay for various equipment rentals; failed to return certain software developed, designed, and owned by Bryan Henry and/or IMS; failed to return license to IMS and/or Bryan Henry for 3-D SOLID WORKS software that IMS purchased for and at the request of BGSE; sold certain equipment obtained from IMS and personally profited; took excessive fees, salaries, and compensation that depleted the cash flow of BGSE; continued their practices of not timely paying vendors and creditors; misstated the financial condition of BGSE; and deprived IMS of the ability to manufacture aviation ground support equipment by refusing to compensate Bryan Henry as promised but keeping the equipment, employees, and intellectual property of IMS. Id.

Plaintiffs assert that when BGSE, Bryan Bullerdick, and Ashley Bullerdick formulated their fraudulent scheme to induce Bryan Henry and IMS to sell the manufacturing division, they knew that they did not have the funds and resources to fulfill their obligations. Id. ¶ 31. Immediately after the acquisition, BGSE failed to pay IMS for its equipment on time. Id. ¶ 32. In addition, Bryan Bullerdick and BGSE had to use the good credit of

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

IMS to purchase raw products required for manufacturing because vendors refused to extend credit to BGSE.  Id. ¶ 33.  When Bryan Henry reported vendor complaints to Bryan Bullerdick and demanded that BGSE and Bryan Bullerdick pay IMS the bonuses, commission, and profits due, Bryan Bullerdick unilaterally changed the organizational structure of BGSE, in violation of Bryan Henry's employment agreement, but kept the equipment, employees, and intellectual property of IMS.  Id. ¶ 34.

Plaintiffs assert that Bryan Bullerdick began a pattern of verbally abusing Bryan Henry.  Id. ¶ 35.  They assert that "the Bullerdicks" and BGSE unilaterally terminated Bryan Henry's position as General Manager and terminated his five-year employment agreement without cause, essentially preventing IMS from manufacturing aviation ground support equipment.  Id. ¶ 36. Bryan Bullerdick offered Bryan Henry a new at-will position with BGSE for $100,000.00, with no bonuses or commissions.  Id. ¶ 37. Bryan Henry pointed out that this was a direct violation of the five-year employment agreement, and he offered to renegotiate the employment agreement.  Id. ¶ 38.  Plaintiffs assert that BGSE and "the Bullerdicks" refused to renegotiate.  Id. ¶ 39.

Plaintiffs assert that Ashley Bullerdick (Bryan Bullerdick's wife) was directly and actively involved in BGSE's and Luckey's

**IMS V. LUCKEY ET AL.**                                         **1:22-CV-12**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

unlawful actions.  Id. ¶ 9.  They assert that she was the founder of BGSE and is a member of Luckey.  Id. ¶ 8.  Plaintiffs assert that Ashley Bullerdick knew BGSE was insolvent when BGSE entered into the acquisition, that she received advances and distributions from BGSE both before and during BGSE's bankruptcy, that she received and enjoyed the benefits of the advances and distributions, and that, along with Bryan Bullerdick, she received approximately $2.7 million from BGSE without telling Plaintiffs that BGSE was insolvent.  Id. ¶ 9.  Plaintiffs assert that Ashley Bullerdick traveled to Morgantown, West Virginia, on behalf of BGSE and Luckey, to negotiate claims of vendors.  Id. ¶ 10.

## IV.  DISCUSSION

Bryan Bullerdick and Luckey move to dismiss the third supplemental complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  They argue that Plaintiffs' claim that they plundered BGSE's estate should be dismissed for lack of subject matter jurisdiction.  They assert that Plaintiffs do not have standing to assert claims for preference or avoidance under the Bankruptcy Code and otherwise do not have standing to assert claims of other creditors of BGSE.  Defendants further argue that all of Plaintiffs' claims should be dismissed because (1) there is no recognized claim for "plundering" in North Carolina

11

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

law or under the Bankruptcy Code, and preference or avoidance actions are barred by a two-year statute of limitations; (2) the fraudulent inducement claim against Bryan Bullerdick fails for improper "group" pleading and for failing to plead with specificity; (3) the civil conspiracy claim against Bryan Bullerdick fails because "plundering" (or fraudulent conveyance, if so interpreted) is not a tort that can support conspiracy, the fraud claim against him also fails and cannot support conspiracy, a fraud claim against Ashley Bullerdick is barred by the statute of limitations and cannot support the tort of conspiracy with Bryan Bullerdick, and conspiracy is only alleged through conclusory allegations; (4) Plaintiffs use improper "shotgun" pleading and fail to identify or plead facts necessary to state a claim in the Nova 1 section of the third supplemental complaint; (5) Plaintiffs fail to meet pleading requirements for a defamation claim against Bryan Bullerdick; and (6) Plaintiffs fail to meet pleading requirements for defamation or an undefined intellectual property claim against Luckey.

Defendants state that West Virginia law applies to the fraudulent inducement, civil conspiracy, defamation, and intellectual property claims because the alleged torts took place in West Virginia.  They contend, however, that North Carolina law

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS BY DEFENDANTS LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

or the Bankruptcy Code applies to any claim Plaintiffs assert as a "derivative claim" of BGSE against Bryan Bullerdick, including claims relating to corporate governance and any claim that could be called "plundering the estate of BGSE."  See Manville Personal Injury Settlement Tr. V. Blankenship, 749 S.E.2d 329, 337 (W. Va. 2013) (stating that shareholder derivative suits are governed by the law of the state of incorporation).

For the reasons discussed below, the Court grants in part and denies in part the motion to dismiss, finding that only the fraudulent inducement claim should survive.

### 1. Plundering

In the third supplemental complaint, Plaintiffs allege that "[p]rior to BGSE filing Bankruptcy, and during the Bankruptcy, Bullerdick and Ashley Bullerdick caused BGSE to pay them exorbitant and unreasonable fees for management, administration, consulting, salaries, and repayment of 'loans' allegedly made to BGSE totaling approximately $2.7 million."  Third Supp. Compl., ECF No. 161, at ¶ 83.  Plaintiffs further allege that the trustee in the BGSE bankruptcy assigned to Plaintiffs the rights to pursue claims on behalf of BGSE and that, "as the assignee of the derivative claims of BGSE against Bullerdick and Ashley Bullerdick, IMS has standing to pursue all claims purchased from the CRO" in this Court.  See

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

Mot., ECF No. 152, at 4.  Plaintiffs assert a claim entitled "Plundering BGSE Estate" to recover damages to "IMS, and other creditors, and BGSE, as the Debtor.  Third Supp. Compl., ECF No. 161, at ¶¶ 82-88.

Defendants argue that the settlement agreement upon which Plaintiffs rely to bring the plundering claim does not recite any specific claim or set of facts supporting a claim, and it does not provide that BGSE had any valid claims for assignment.  Rather, they assert, the "sale and assignment" of BGSE's claims against Bryan Bullerdick "shall be as is, where is, with all faults, and no warranties[.]"[2]  See Order Approving Settlement, ECF No. 113-1, at ¶ 5.  The $30,000.00 Plaintiffs paid to the trustee (for a claim against the Bullerdicks that Plaintiffs now allege is worth $2.7 million) was not solely for the purchase of the assigned claims; the settlement agreement also releases claims the trustee had against Plaintiffs for "tortious interference with contract and violation of the automatic stay." Id. at ¶ 3.  Thus, Defendants assert, the nominal assignment of BGSE's claims in the settlement

---

[2] The Court can consider the settlement agreement between the CRO and Plaintiffs because Plaintiffs explicitly reference it in the third supplemental complaint. See Stewart v. Pension Trust of Bethlehem Steel Corp., 12 F. App'x 174, 176 (4th Cir. 2001) (holding that a district court can consider documents explicitly relied upon in the complaint at the motion to dismiss stage).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

agreement plainly does not mean that there were any valid claims to assign.

### a.   Subject Matter Jurisdiction

Defendants argue that the Bankruptcy Court has exclusive jurisdiction over payments from the bankruptcy estate to Defendants.  The bankruptcy is still pending.

Under federal law, "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such a case, and of property of the estate."  28 U.S.C. § 1334(e)(1).  And "[w]henever there is a dispute regarding whether property is property of the bankruptcy estate, exclusive jurisdiction is in the bankruptcy court."  In re Duval Cnty. Ranch Co., 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994) (citations omitted).  Therefore, Defendants argue that the Court does not have jurisdiction over BGSE's transfers "during the bankruptcy," Third Supp. Compl., ECF No. 161, at ¶ 83, which were approved by the Bankruptcy Court.

Defendants also argue that the Bankruptcy Court has exclusive jurisdiction over preference payments, fraudulent transfers, and post-petition transfers.  Defendants argue that this Court does

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

not have jurisdiction to determine any alleged preference payments made to company insiders that were made within one year preceding filing of the BGSE bankruptcy petition, or any alleged fraudulent transfers that were made "within 2 years before the date of the filing of the [bankruptcy] petition."  11 U.S.C. §§ 547, 548. These sections of the Bankruptcy Code provide for return of "property that would have been part of the estate had it not been transferred before the commencement of the bankruptcy proceedings."  In re Entringer Bakeries, Inc., 548 F.3d 344, 349 (5th Cir. 2008) (citation omitted); see also Begier v. I.R.S., 496 U.S. 53, 58 (1990) ("[T]he purpose of the avoidance provision is to preserve the property includable within the bankruptcy estate[.]").  Thus, Defendants assert, because the determination of whether a payment qualifies as a preference under 11 U.S.C. § 547, or a fraudulent conveyance under 11 U.S.C. § 548, amounts to a determination of whether certain monies are within or without the bankruptcy estate, those determinations are also exclusively within the Bankruptcy Court's jurisdiction.

Defendants further argue that the Bankruptcy Court has exclusive jurisdiction over "derivative" claims of BGSE.  The United States Court of Appeals for the Fourth Circuit has held that even if a creditor could assert derivative standing under the

IMS V. LUCKEY ET AL.                                                    1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

Bankruptcy Code (which the court assumed, but did not decide), a creditor could only do so "under strict conditions." In re Baltimore Emergency Servs. II, Corp., 432 F.3d 557, 561 (4th Cir. 2005). Specifically, a bankruptcy court must make specific findings of fact that a derivative suit was either "in the best interest of the bankruptcy estate" or "necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings." Id. at 563. The Fourth Circuit emphasized that such scrutiny was required because a bankruptcy court must "ensure that a would-be derivative suit would not simply advance the interests of a particular plaintiff at the expense of other parties to the bankruptcy proceeding." Id. at 562. Defendants argue that Plaintiffs are trying to achieve this exact impermissible result. Plaintiffs claim for themselves, alone, all damages to BGSE and to other creditors without regard for the rights of other parties to the bankruptcy proceeding.

Here, Defendants point out, the Bankruptcy Court did not make findings of fact sufficient to grant Plaintiffs standing necessary to pursue derivative claims of BGSE against the Bullerdicks for Plaintiffs' exclusive benefit. The Bankruptcy Court's order approving the settlement between Plaintiffs and the CRO, which also addressed the Trustee's release of claims against IMS and

17

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

Bryan Henry, only states that "[t]he proposed settlement is reasonable, fair, and equitable, was negotiated at arm's length and in good faith, and is in the best interests of the Bankruptcy Estate and creditors." See Order Approving Settlement, ECF No. 113-1, at ¶ 7. The order does not specifically grant, convey, or even mention derivative standing at all, and merely approving the settlement agreement that also released claims of the trustee against Plaintiffs is not sufficient to give Plaintiffs derivative standing. See Baltimore Emergency, 432 F.3d at 563 (finding that the required findings of fact could not be "made implicitly").

Finally, even if the Bankruptcy Court gave Plaintiffs derivative standing to sue, Plaintiffs would have to file suit in the Bankruptcy Court in North Carolina, not in District Court in West Virginia. See id. at 560 (stating that the doctrine of derivative standing allows a creditor "under certain narrow conditions to file an action in bankruptcy court in place of the debtor-in-possession or trustee"). This requirement is consistent with a bankruptcy court's responsibility to ensure that creditors cannot advance their own interests at the expense of other creditors. Id. at 562. Therefore, Plaintiffs cannot bring a BGSE derivative claim in this Court, seeking to recover damages suffered by "IMS, and other creditors, and BGSE, as the Debtor," see Third

18

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

Supp. Compl., ECF No. 161, at ¶ 85, outside of the supervision of the Bankruptcy Court and in a forum where the other creditors are not present.

Defendants also argue that Plaintiffs lack standing to assert claims on behalf of "other creditors." Paragraph 85 of the third supplemental complaint alleges that "IMS, and other creditors, and BGSE, as the debtor, were damaged by the exorbitant and unreasonable payments made to Bullerdick and Ashley Bullerdick." Neither the trustee in a bankruptcy nor the debtor has standing to bring claims of any creditor against Bryan Bullerdick, so that direct claims of other creditors of BGSE against Bryan Bullerdick could not have been assigned to IMS, regardless of the language in the settlement agreement. In re Miller, 197 B.R. 810, 815 (W.D.N.C. 1996) (holding that the trustee did not have standing to bring claims on behalf of the creditors). Plaintiffs cannot bring claims of any other "creditor" against Bryan Bullerdick. Third Supp. Compl., ECF No. 161, at ¶ 85 (alleging that their claim encompasses damages suffered by "other creditors"). The Court agrees with Defendants that it lacks subject matter jurisdiction over these issues.

IMS V. LUCKEY ET AL.                                                   1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

### b.    Stating a Claim

Defendants assert that to the extent Plaintiff pleads some sort of corporate governance derivative claim, North Carolina applies. See Manville, 749 S.E.2d at 337 (stating that shareholder derivative suits are governed by the law of the state of incorporation).

First, Defendants argue that "plundering" is not a cognizable legal claim under North Carolin law or under the Bankruptcy Code (or even West Virginia law, to the extent it applies).  Plaintiffs do not otherwise articulate a statutory or common law claim that would allow BGSE to recover against Bryan Bullerdick on the facts alleged.  The third supplemental complaint does not identify or plead the elements of any claim that may be plausible from the general circumstances alleged.

Second, Defendants argue, to the extent the Court finds standing and construes the plundering claim as a preference or avoidance action the trustee may have brought under the Bankruptcy Code based on the alleged payments to Bryan and Ashley Bullerdick, those claims are barred by the statute of limitations.  Preference and avoidance actions must be brought no later than "2 years after the entry of the order for relief[.]"  11 U.S.C. § 546(a)(1).  In a voluntary bankruptcy, like this one, the "entry of the order of

IMS V. LUCKEY ET AL.                                                    1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

relief" is the filing of the bankruptcy petition on January 6, 2023.  See Third Supp. Compl., ECF No. 161, at ¶ 40; see also In re Mountaineer Bulk Servs., Inc., No. 3-10492, 2013 WL 620419, at *3 (Bankr. N.D.W. Va. 2013) ("The Debtor's voluntary chapter 11 petition . . . constitutes an order for relief.") (citation omitted).  Therefore, even if Plaintiffs could state a preference or avoidance claim under the Bankruptcy Code — which they have not articulated — Plaintiffs needed to bring those claims no later than January 6, 2025.  The Court agrees.

2.    **Fraudulent Inducement**

Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).  A plaintiff must, at a minimum, "describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  U.S. ex rel. Ahumada v. NISH, 756 F.3d 268, 280 (4th Cir. 2014) (internal quotations omitted).  As the Fourth Circuit has explained, "[r]equiring such particularized pleading . . . prevents frivolous suits, eliminates fraud actions in which all the facts are learned after discovery, and protects defendants from harm to

IMS V. LUCKEY ET AL.                                                    1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

their goodwill and reputation."  Id. at 280-81 (citations and internal punctuation and quotation marks omitted).

The Fourth Circuit recently affirmed this Court's dismissal of a fraud claim when the complaint "impermissibly aggregated defendants without specifically alleging which defendant as responsible for which act," noting that "the burden rests of plaintiffs to enable a particular defendant to determine with what it is charged."  Corder v. Antero Res. Corp., 57 F.4th 384, 403 (4th Cir. 2023) (citations and internal punctuation and quotation marks omitted).  For example, the court held that an allegation that the "[d]efendants failed to report to plaintiffs that they were extracting and selling liquids from plaintiffs' natural gas" was insufficient.  Id. at 403 (citation omitted).  The court relied upon case law from the Second Circuit finding that "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."  Id. (citation omitted).

As Defendants have pointed out, the Court previously found that the allegations directed to Bryan Bullerdick alone were sufficient to state a claim for fraudulent inducement.  See ECF No. 41.  Defendants now contend, however, that in a rush to add Ashley Bullerdick to the case, Plaintiffs changed their

22

IMS V. LUCKEY ET AL.                                    1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

allegations to impermissible group allegations against both Bullerdicks. Defendants argue that the result is that the amended allegations in the third supplemental complaint fail to state a claim of fraudulent inducement. Given that the Court has already dismissed Ashley Bullerdick from the case, the Court believes it is clear that the fraud allegations are directed solely at Bryan Bullerdick. Accordingly, the Court continues to find that the fraudulent inducement allegations against him are sufficiently pled, and the motion to dismiss is denied on this point.

### 3. Civil Conspiracy

The third supplemental complaint asserts a civil conspiracy claim against Bryan Bullerdick. It alleges that he acted in "in concert" with his wife "to fraudulently induce Plaintiffs to enter into" the agreement and that the Bullerdicks paid excessive advances and distributions to themselves prior to BGSE filing for bankruptcy. Third Supp. Compl., ECF No. 161, at ¶¶ 59-60. In other words, Plaintiffs rely upon the underlying fraudulent inducement and the "plundering" claims as the bases for the civil conspiracy claim.

Under West Virginia law, a civil conspiracy is "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

unlawful, by unlawful means." Syl. Pt. 8, Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009). "A civil conspiracy is not a per se, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed upon people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Id. at Syl. Pt. 9. In addition to pleading an underlying tort, a plaintiff proceeding on a civil conspiracy claim must plead sufficient factual support for the existence of a shared conspiratorial objective and mutual agreement. Jane Doe-1 v. Corp. of Pres. of the Church of Jesus Christ of Latter-day Saints, 801 S.E.2d 443, 476 (W. Va. 2017) (citation omitted). The "agreement need not be express but may be based upon evidence of a course of conduct from which the agreement to act in concert may be implied." Id. at 477 (citations omitted).

The Court finds that Plaintiffs have not pled the existence of a civil conspiracy or an illicit agreement between Ashley and Bryan Bullerdick to defraud Plaintiffs as to the agreement and related agreements. Plaintiffs' allegations as the existence of a conspiracy are conclusory statements such as the following: that Ashley Bullerdick "actively participated in the fraudulent scheme" (Third Supp. Compl., ECF No. 161, at ¶ 9) and that the Bullerdicks

24

IMS V. LUCKEY ET AL.                                                    1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

"acted in concert to fraudulently induce Plaintiffs to enter into" the agreement (id. at ¶ 59).  These are threadbare recitals that are not sufficient to survive a 12(b)(6) motion.  Plaintiffs also assert that Ashley received "the benefits of the advances and distributions" (id. at ¶ 9).  This fact, alone, is insufficient to successfully plead a civil conspiracy.  See In Town Hotels Ltd. P'ship v. Marriott Int'l, Inc., 246 F. Supp. 2d 469, 488 (S.D.W. Va. 2003) (finding that an allegation that a party received payments "does not constitute fraud, as no representation (false or otherwise) is involved").  Accordingly, the Court agrees with Defendants that the civil conspiracy claim must be dismissed.

**4.   Shotgun Pleading**

The Court agrees with Defendants that it is unclear what claim, if any, Plaintiffs are asserting under the header entitled "Nova 1."  It is not accompanied by any title indicating a cause of action.  Moreover, the allegations do not make it clear what claims Plaintiffs is asserting with respect to Nova 1.  Plaintiffs allege that, as part of a real estate purchase, "Luckey agreed to extend utility lines and stormwater lines at its sole cost and expense," but later states that "Luckey sold the subject real estate to a third party without extending the utility and stormwater liens as agreed."  Third Supp. Compl., ECF No. 161, at

25

IMS V. LUCKEY ET AL.                                     1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

¶¶ 65-66.  Plaintiffs then state, "As a result of the fraudulent inducement of Luckey and the Bullerdicks and breaches of the Deed and Asset Acquisition, IMS and Nova 1 have been damaged, and Luckey has been unjustly enriched."  Id. ¶ 67.

The Court agrees with Defendants that these allegations constitute shotgun pleadings and cannot survive.  They are "presented in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which [d]efendants and on what legal basis the respective claims are founded."  See Guynup v. Christian, No. 3:22-cv-68, 2024 WL 4533559, at *4 (N.D.W. Va. Oct. 21, 2024) (citations omitted); see also Turton v. Va. Dep't of Educ., No. 3:14cv446, 2014 WL 12539403, at *2 (E.D. Va. Sept. 23, 2014) (dismissing claims "because it is almost impossible to ascertain precisely what type of claim is asserted against which party, much less what it is that the allegedly infringing party has done, or not done, to give rise to the putative claims").  Accordingly, the Court dismisses any allegations brought under the "Nova 1" header.

**5.   Defamation**

To establish a defamation claim under West Virginia law, a plaintiff must "show that false and defamatory statements were made against him, or relating to him, to a third party who did not

26

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

have a reasonable right to know, and that the statements were made at least negligently . . . , and resulted in injury to the plaintiff." Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 74 (4th Cir. 2016) (citation omitted). Furthermore, "for a cause of action for libel and slander to be correctly pleaded, the exact words charged to have been used or material caused to have been published by the defendant must be alleged with particularity." Susko v. Cox Enters., Inc., No. 5:07cv144, 2008 WL 4279673, at *2 (N.D.W. Va. Sept. 16, 2008) (citation and internal quotation marks omitted).

Here, Plaintiffs do not allege a defamation claim with sufficient particularity. Instead, Plaintiffs vaguely allege that "prior to and after the filing of the Bankruptcy Petition," Bullerdick "published certain statements concerning Bryan Henry and IMS to third parties[.]" Third Supp. Compl., ECF No. 161, at ¶ 69. Plaintiffs allege that "[s]uch statements include, but are not limited to, informing customers, vendors, and other competitors that BGSE's bankruptcy was caused by Bryan Henry and IMS." Id. ¶ 70. Plaintiffs merely allege that "Luckey, through its owners and officers, has made false and defamatory statements about IMS to its customers, and third parties in the AGSE industry, causing damage to IMS's reputation, integrity, honesty, subjecting

27

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

IMS to public ridicule or contempt, and tortiously interfering with IMS's business." Id. ¶ 80.  Plaintiffs do not allege the specific words Plaintiff used, and they do not identify the person(s) to whom defamatory words were published.  They do not identify whether the words were written or spoken.  They do not allege a specific time frame in which Bryan Bullerdick made the allegedly defamatory statement.  The defamation claim against Bryan Bullerdick and against Luckey (to the extent that it is asserted) is dismissed.

### 6.   Intellectual Property

Following the defamation claim, the third supplemental complaint contains a header entitled "Luckey Enterprises, LLC," which is not denoted as a specific claim against Luckey.  It is unclear what claim(s) Plaintiffs assert against Luckey within this section, but the prayer for relief seeks "[c]ompensatory and punitive damages against Luckey for the use of IMS's intellectual property."

Plaintiffs allege that "Luckey has used, and continues to use, certain intellectual property developed and owned by IMS in fulfilling existing and new purchase orders, involving but not limited to, Hose Management Systems, utility pits, installation aids, and related designs." Id. ¶ 76.  As it stands, Luckey has

IMS V. LUCKEY ET AL.                                              1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS BY DEFENDANTS
LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

---

to guess at whether Plaintiffs' claims arise under patent, trade secret, copyright, or trademark law, all of which are markedly different claims with unique defenses. A claim for "intellectual property" on its own is not a valid legal claim. Without more specific information, Defendants cannot defend themselves against this claim. Accordingly, the "intellectual property" claim is dismissed.

## V.    CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

- The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** [ECF No. 170];

- All claims except the claim for fraudulent inducement against Bryan Bullerdick are **DISMISSED**;

- Luckey is **TERMINATED** as a defendant in this case; and

- The parties are **DIRECTED** to meet and confer and submit, on or before **April 14, 2026,** a proposed schedule to govern the case moving forward.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

IMS V. LUCKEY ET AL.                                                    1:22-CV-12

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS BY DEFENDANTS LUCKEY ENTERPRISES, LLC AND BRYAN BULLERDICK [ECF NO. 170]**

DATED: March 31, 2026

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA